Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1815 | **DATE** | 9/25/2000 |
| **CASE TITLE** | USA ex rel. Ramon L. Delgado vs. James H. Page, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Ramon L. Delgado's petition for a writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | |
| | No notices required. | SEP 26 2000 date docketed | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | 20 |
| ✓ | Docketing to mail notices. | UW docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 SEP 25 PM 4: 40 | SEP 26 2000 date mailed notice UW mailing deputy initials |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
SEP 25 2000
Judge Harry D. Leinenweber
U. S. District Court

UNITED STATES OF AMERICA, ex rel., RAMON L. DELGADO,

    Plaintiff,

v.

JAMES H. PAGE, Warden, Statesville Correctional Center,

    Defendant.

Case No. 00 C 1815

Judge Harry D. Leinenweber

DOCKETED
SEP 26 2000

**MEMORANDUM OPINION AND ORDER**

Before the Court is a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 of state prisoner Ramon L. Delgado. Because Delgado has either procedurally defaulted on his claims or fails to present any error on the part of the state courts that would warrant a writ of *habeas corpus*, the petition is denied.

**BACKGROUND**

In 1992, Delgado was tried before a jury in the Circuit Court of Cook County and found guilty of two counts of first degree murder for the stabbing deaths of Orlando Valentin and Joyce Tolden. According to trial testimony, the stabbing occurred after Delgado and the victims smoked cocaine together and then got into a dispute. Pursuant to the guilty finding, the state court sentenced Delgado to a prison term of life without the possibility of parole.

Delgado filed a timely appeal to the state appellate court alleging that the trial court erred by (1) refusing to instruct on both theories of second degree of murder, and (2) admitting certain testimony by a pathologist on behalf of the state. On June 28, 1996, however, the appellate court affirmed Delgado's conviction and sentence.

Delgado thereafter filed a petition for leave to appeal to the Illinois Supreme Court but only on the jury instruction issue. On October 2, 1996, the Illinois Supreme Court denied Delgado's petition.

On April 8, 1997, Delgado filed in the Circuit Court of Cook County a post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, et. seq. In his petition, Delgado presented the following issues: (1) ineffective assistance of trial counsel for failure to raise the defense of voluntary intoxication; (2) ineffective assistance of trial counsel for failure to challenge for cause a juror that equivocated on whether he could be partial; (3) denial of right to an impartial jury where several jurors indicated that they were unsure if they could be impartial; (4) ineffective assistance of appellate counsel for failure to raise petitioner's impartial jury claim on direct appeal; (5) ineffective assistance of counsel for failure to challenge petitioner's arrest; and (6) ineffective assistance of appellate counsel for failure to challenge petitioner's arrest.

On May 27, 1997, the trial court summarily dismissed Mr. Delgado's post-conviction petition as frivolous and without merit, considering only Delgado's first claim regarding the intoxication defense since the submitted petition was missing pages and appeared incomplete. When Delgado filed a supplemental petition asserting additional grounds, the trial court summarily dismissed those remaining grounds as well, relying upon the earlier denial of the petition.

Delgado appealed the dismissal of the petition, arguing (1) that he was denied effective assistance of trial counsel since counsel did not adequately present the intoxication defense, and (2) that the trial court erred in summarily dismissing the other grounds asserted in the petition. On January 25, 1999, the Illinois appellate court affirmed the trial court's decision to dismiss the petition for post-conviction relief.

On September 13, 1999, Delgado filed a motion for leave to file late an appeal petition to the Illinois Supreme Court. This motion was denied on December 2, 1999.

Finally, on March 24, 2000, Delgado filed with this Court his petition for a writ of *habeas corpus*. The petition purports to raise the following claims: (1) that the trial court erred in refusing to instruct on both theories of second degree murder; (2) that the trial court erred in allowing certain testimony by a pathologist; (3) that petitioner received ineffective assistance of

counsel because trial counsel did not effectively raise the voluntary intoxication defense; and (4) that the state did not succeed in proving that he had the requisite intent to kill.

## DISCUSSION

Before the Court can consider the merits of a petition for a writ of *habeas corpus*, several threshold requirements must be met. First, the petitioner must have exhausted his state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 841 (1999). Additionally, the petitioner must have fairly presented his federal claims at each step of a state proceeding, so as not to be procedurally defaulted. *See Momient-El v. DeTella*, 118 F.3d 535, 538 (7th Cir. 1997). Federal review is precluded if the petitioner is in default unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Furthermore, even if the issues were fairly presented, federal review is still precluded if a state court declined to address the merits of the issues based upon a state ground that is both independent of the federal question and adequate to support the judgment. *Coleman*, 501 U.S. at 729. Finally, the petitioner must raise an issue of federal law. *See* 28 U.S.C. § 2254 ("a district court shall entertain an application for writ of habeas corpus . . . only on the ground that

[a prisoner] is in custody in violation of the Constitution or laws or treaties of the United States.")

**Procedural Default**

While it appears that Delgado has exhausted all available state remedies, the Court finds that all but one of his claims have been procedurally defaulted. Delgado's first claim - that the trial court erred in not instructing the jury as to all available theories of second degree murder - was raised on direct appeal and pursued to the Illinois Supreme Court. Having thus completed a full round of review, this issue is ripe for consideration here. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)(holding that the exhaustion requirement merely requires that the state prisoners give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process").

The same cannot be said for Delgado's remaining claims. The second claim - that the trial court erred in admitting certain testimony by a pathologist - was raised on direct appeal but was never presented to the Illinois Supreme Court in Delgado's petition for leave to appeal. As such, the claim has been waived. *O'Sullivan*, 526 U.S. at 845.

Delgado's third claim - that he received ineffective assistance of trial counsel - was raised in Delgado's petition for post-conviction relief both before the trial court and the Illinois

Appellate Court. However, Delgado failed to file a timely petition for leave to appeal before the Illinois Supreme Court on that issue. Although Delgado did file a motion for leave to file a late petition, the Illinois Supreme Court denied such leave, and, therefore, the issue has been waived. *See Cawley v. DeTella*, 71 F.3d 691, 695 n. 8 (7th Cir. 1995) ("The consideration of comity and federalism that underlie our procedural default doctrine include respect for a state's appeal deadlines.")

As to Delgado's final claim - that the state did not prove that he had the requisite mental state for the crime - this issue has been waived completely. Fair presentment requires Delgado "to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court," meaning both the operative facts and the controlling legal principles must be submitted for the court's review. *Rodriguez v. Scilla*, 193 F.3d 913, 916 (7th Cir. 1999). The record does not contain any evidence that Delgado fairly presented this issue during either direct appeal or the post-conviction relief proceedings.

A petitioner's procedurally defaulted claims must, however, be taken up by the federal court if he can either (1) "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. But Delgado cannot show

either. Even though Delgado was provided by this Court with an opportunity to respond to the government's answer to the petition, he provides no justification for the defaulted claims and, instead, simply insists that no claims have been defaulted.

Neither does Delgado provide any basis for this Court to conclude that a fundamental miscarriage of justice would occur if the Court declines to review the defaulted claims. In order for Delgado to demonstrate a fundamental miscarriage of justice, he must present evidence that the alleged constitutional violations "probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Delgado does not. Therefore, the Court will not review the procedurally defaulted claims.

**Merits**

The one remaining claim that survives the *habeas* procedural gauntlet is Delgado's claim that the trial court should have instructed the jury as to both theories of second degree murder. According to Delgado's brief on direct appeal, the trial court instructed the jury as to one of the available theories of second degree murder, *i.e.*, unreasonable belief of self-defense, but refused to instruct as to provocation. The Illinois Appellate Court upheld the trial court's decision, finding insufficient evidence to support an instruction on provocation. *See People v. Delgado*, 668 N.E.2d 173, 179 (Ill. App. Ct. 1996). But Delgado now

believes that the refusal by the trial court to so instruct resulted in a denial of his due process right to a fair trial.

As the Seventh Circuit has emphasized, federal courts in *habeas* proceedings do not sit to correct errors in the application of state law. *Nichols v. Gagnon*, 710 F.2d 1267, 1269 (7th Cir. 1983). "Failure to instruct on a lesser included offense, even if incorrect under state law, does not warrant setting aside a state conviction unless 'failure to give the instruction could be said to have amounted to a fundamental miscarriage of justice.'" *Id.* (quoting, *United States ex. rel. Perry v. Sielaff*, 615 F.2d 402, 404 (7th Cir. 1979)).

Delgado cannot demonstrate a miscarriage here. First, a review of the Illinois Appellate Court's decision does not indicate to this Court that an error in state law was even made at all. Second, the jury ultimately convicted Delgado of first degree murder and he cannot, because he waived any such arguments, challenge before this Court the sufficiency of the evidence to support that verdict. As such, the failure to instruct on provocation – even if it was an error under state law – does not amount to a constitutional violation warranting reversal of Delgado's conviction. *See Robertson v. Hanks*, 140 F.3d 707, 711 (7th Cir. 1998)(affirming denial of *habeas* petition where petitioner challenged the exclusion of an instruction for a lesser

included offense but did not challenge the sufficiency of the evidence to support the actual verdict).

## CONCLUSION

Accordingly, for the reasons stated herein, Delgado's petition for a writ of *habeas corpus* is denied.

**IT IS SO ORDERED.**

                                                    Harry D. Leinenweber, Judge
                                                    United States District Court

Date September 25, 2000